847 A.2d 1272

IN THE MATTER OF VINCENT E. BEVACQUA,
AN ATTORNEY AT LAW.

May 20, 2004.

### ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 03–396, concluding that **VINCENT E. BEVACQUA** of **NEWARK**, who was admitted to the bar of this State in

1990, should be suspended from the practice of law for a period of six months for violating *RPC* 1.15(a) (failure to safeguard trust funds), *RPC* 1.15(d) and *Rule* 1:21–6 (recordkeeping violations), *RPC* 1.15(c) (failure to safeguard client funds), *RPC* 1.17(a) (conflict of interest), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board further having concluded that prior to reinstatement to practice, respondent should be required to complete the course in attorney accounting procedures offered by the Institute for Continuing Legal Education and that on reinstatement, respondent should be required to submit certified annual trust account audits by a certified accountant for a period of two years;

And good cause appearing;

It is ORDERED that **VINCENT E. BEVACQUA** is suspended from the practice of law for a period of six months and until the further Order of the Court, effective June 15, 2004; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof to the Office of Attorney Ethics that he has successfully completed the course on attorney accounting procedures offered by the Institute for Continuing Legal Education; and it is further

ORDERED that on reinstatement, respondent shall submit to the Office of Attorney Ethics annual audits of his attorney trust account performed by a certified accountant approved by the Office of Attorney Ethics, for a period of two years, and until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.